UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>   - v -<br><br>475 NINTH AVENUE ASSOCIATES LLC, and H. THOMAS O'HARA ARCHITECTS;<br><br>                  Defendants; and<br><br>THE DERMOT COMPANY and EQR-HUDSON CROSSING, LLC;<br><br>                  Relief Defendants. | 12 Civ. 4174 (JMF)<br><br>**JOINT MOTION FOR ENTRY OF DISBURSEMENT ORDER** |

       Plaintiff the United States (the "Government") and relief defendant the Dermot Company ("Dermot") respectfully submit this joint motion to request that the Court enter the enclosed proposed Disbursement Order.

### BACKGROUND

       On May 25, 2012, the Court entered a Consent Decree to resolve the claims that the Government asserted in connection with the conditions of Hudson Crossing, a rental apartment complex. Pursuant to the Consent Decree, defendants and relief defendants agreed to make retrofits at Hudson Crossing, *see* Consent Decree ¶¶ 2-14; pay a civil penalty, *see id*. ¶ 39; implement educational requirements and modify their policies and practices, *see id*. ¶¶ 23-26; 40-48; and take measures to identify aggrieved person, *see id*. ¶¶ 27-38. As relevant here, Dermot set up a $115,000 Settlement Fund to compensate aggrieved persons.

       The Consent Decree, which has a three-year term, expired on May 25, 2015. *See id*. ¶ 54. By that date, the required retrofits at Hudson Crossing had been completed; and defendants

and relief defendants also had complied with the other terms of the Consent Decree, including to modify policies and procedures, to pay a penalty, and to take steps to identify aggrieved persons. More specifically, in June 2012, the Dermot Defendants published a notice to potential aggrieved persons (the "Aggrieved Person Notice"), in the form of Appendix E to the Consent Decree, to submit claims to the United States in two newspapers — the *Wall Street Journal* and the *New York Times*. Dermot also mailed copies of the Aggrieved Person Notice to past and present residents at Hudson Crossing, whose mailing address Dermot obtained from EQR Hudson Crossing, the current owner of the building ("EQR"). In addition, Dermot sent the Aggrieved Person Notice to ten public interest organizations in New York that provide assistance to people with disabilities. Finally, EQR caused a link to the PDF of the Aggrieved Person Notice to be placed on Hudson Crossing's website, where it remained for three years.

Based on those efforts, the Government received a number of claims and, after undertaking investigation, identified two aggrieved persons who should be compensated due to the conditions at Hudson Crossing. The Government and Dermot discussed those claims and then agreed that the two aggrieved persons were entitled to a total of $109,000 in compensation. That amount has since been disbursed to the two individuals.

At this juncture, the deadline for other aggrieved persons to submit claims under the Hudson Crossing Consent Decree has passed, and the Government has determined that no additional aggrieved persons will be identified. However, under the Consent Decree, $6,000 of the principal amount, plus approximately $240 in accrued interest, remains in the Settlement Fund.

Paragraph 38 of the Consent Decree addresses this situation — specifically, it provides that, if "less than the total amount in the Settlement Fund … is distributed to aggrieved persons, then, no later than the earlier of (a) when the [Government] determines that no further

aggrieved persons will be identified, or (b) the expiration of this Consent Decree," the remaining sum in the Settlement Fund (the "Remaining Funds") "shall be distributed to a qualified organization(s) mutually agreed upon by the [Government] and Dermot, subject to the approval of the Court, for the purpose of conducting fair housing enforcement-related activities in New York City." *Id*. ¶ 38.  In accordance with this provision, the Government and Dermot seek the Court's approval for disbursement of the remaining funds in the Settlement Fund to a public-interest organization — the American Association of People with Disabilities ("AAPD").

## THE PROPOSED DISTRIBUTION

Dermot proposed the American Association of People with Disabilities ("AAPD") as the recipient for the remaining amount in the Settlement Fund (approximately $6,240).  The Government, having reviewed a letter submitted by AAPD detailing the activities it intends to pursue using the funds as well as proof of AAPD's status as a not-for-profit organization, concurs in the selection.

AAPD is a national not-for-profit organization that serves and advocates for the interests of people with disabilities.  According to AAPD, its engages in housing advocacy activities, and those activities include working on policies that provide people with disabilities access to affordable and accessible housing.  Such advocacy activities, moreover, affect housing access for people with disabilities in New York City.

More specifically, AAPD has represented to the Government and Dermot that it would use the Remaining Funds to pursue the following activities:

- Provide information to people with disabilities about their rights under the Fair Housing Amendments Act, suggesting local contacts and resources to assist people in finding accessible housing, and providing guidance on how to submit complaints;

- Work jointly with other national disability rights organizations as a member of the Consortium of Citizens with Disabilities (CCD), the National Disability Leadership Alliance (NDLA), and several others.

- Utilize its Facebook, Twitter and email listserv to reach a wide network of people with disabilities – as well as their friends, families, and loved ones – to provide information and resources related to housing accessibility.

In light of the information presented by AAPD, the Government and Dermot believe that AAPD meets the definition of a "qualified organization" under Paragraph 38 of the Consent Decree. Further, as set forth in the proposed Disbursement Order, AAPD will be required to submit a report to the Government fourteen months after if receives the sum from the Settlement Fund to detail how AAPD has used the funds to conduct the activities described above. For these reasons, the Government and Dermot jointly move the Court to enter the attached proposed Disbursement Order.

Respectfully submitted this 23rd day of September 2016,

*For the United States:*                                          *For the Dermot:*

    PREET BAHARA                                         CORREIA & OSOLINIK
    United States Attorney

By:        */s/*                                      By:    */s/*
    LI YU                                                  EDWARD CORREIA
    Assistant United States Attorney                       110 30th St., N.W., Suite 500
    86 Chambers Street, Third Floor                        Washington, D.C. 20007
    New York, New York 10007                               Tel: (202)380-3595
    Tel: (212) 637-2734                                    Ecorreia@correiadc.com
    Li.Yu@usdoj.gov