UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/26/2016
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>               - v -<br><br>475 NINTH AVENUE ASSOCIATES LLC, and H. THOMAS O'HARA ARCHITECTS;<br><br>                    Defendants; and<br><br>THE DERMOT COMPANY and EQR-HUDSON CROSSING, LLC;<br><br>                    Relief Defendants. | 12 Civ. 4174 (JMF)<br><br>**DISBURSEMENT**<br><br>**ORDER** |

1. On May 25, 2012 this Court entered a Consent Decree between plaintiff the United States (the "Government") and defendants 475 Ninth Avenue Associates LLC and H. Thomas O'Hara Architects and relief defendants the Dermot Company ("Dermot") and EQR-Hudson Crossing, LLC ("Current Owner"). The Consent Decree resolved claims alleged in the Government's Complaint in this action as set forth in Part D of the Consent Decree.

2. Paragraph 38 of the Consent Decree provides that, if less than the total amount of the Settlement Fund is distributed to aggrieved persons, and after the Government determines that no further aggrieved persons will be identified, the remainder (the "Remaining Funds") shall be distributed to one or more qualified organizations, mutually agreed upon by the Government and Dermot and subject to the approval of the Court, for the purpose of conducting fair housing enforcement-related activities in New York City.

3. Pursuant to Paragraphs 28 through 31 of the Consent Order, Dermot and the Current Owner made the following efforts to notify potentially aggrieved persons of the Settlement Fund: they published the Notice to Potential Victims of Housing Discrimination, as set forth in Appendix E of the Consent Order ("Aggrieved Person Notice"), in the *Wall Street Journal* and the *New York Times*; they mailed copies of the Aggrieved Person Notice to the past and current residents of Hudson Crossing; they sent the Aggrieved Person Notice to ten organizations that aid New Yorkers with disabilities; and they caused a link to an electronic version of the Aggrieved Person Notice in Portable Document Format (PDF) to be placed on Hudson Crossing's website, where it remained for three years.

4. Based on those efforts as well as the Government's own investigation, the Government was able to identify two aggrieved persons entitled to compensation. Following discussions with Dermot, the Government and Dermot agreed that those two individual should receive a total of $109,000 in compensation, and that amount has been disbursed.

5. Currently, approximately $6,240 remains in the Settlement Fund; The deadline for submitting claims under the Consent Decree passed in 2015; and the Government has determined that no additional aggrieved persons will be identified.

6. The Government and Dermot have agreed upon an organization to receive the Remaining Funds — the American Association of People with Disabilities (the "Recipient" or "AAPD"). Specifically, as a condition for receiving the Remaining Funds, AAPD has stated that it would use the funds to pursue the following activities:

- Provide information to people with disabilities about their rights under the Fair Housing Amendments Act, suggesting local contacts and resources to assist people in finding accessible housing, and providing guidance on how to submit complaints;

- Work jointly with other national disability rights organizations as a member of the Consortium of Citizens with Disabilities (CCD), the National Disability Leadership Alliance (NDLA), and several others.

- Utilize its Facebook, Twitter and email listserv to reach a wide network of people with disabilities – as well as their friends, families, and loved ones – to provide information and resources related to housing accessibility.

In addition, AAPD also has agreed to submit a report to the United States eighteen months after its receipt of the funds to detail how it has used the funds to further the fair housing activities described above.

7. The Court hereby approves the selection of the Recipient and approves the disbursement of the Remaining Funds to the Recipient.

8. Dermot is hereby ordered to disburse the Remaining Funds as required by Paragraph 38 of the Consent Decree to the Recipient within thirty days of the issuance of this order.

9. No later than fourteen months after the entry of this order, the Recipient shall submit a report to counsel for the United States to detail how it has used the funds to pursue fair housing activities during the twelve months following the entry of this order.

**IT IS SO ORDERED**:

This 23rd day of September 2016.

_____
THE HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

The Clerk of Court is directed to terminate Docket No. 5.